## The Walla Walla.

### Hamilton v. The Walla Walla.

*(Circuit Court, D. Washington, N. D.    April, 1891.)*

INJURIES—SERVANT—NEGLIGENCE OF FELLOW-SERVANT.

    In an action for personal injuries received by a longshore-man while engaged in helping to load the libeled steam-ship, and alleged to have been caused by the negligence of the second mate, it appeared that it was not the duty of the latter to employ or discharge the men engaged in loading the steamer, or to superintend them; that those duties belong to the first mate; that the second mate held a subordinate position, and was engaged in rushing forward the work, and urging the men to greater exertion. *Held,* that the second mate was not a vice-principal, but a fellow-servant, of plaintiff, and that defendant was not liable.

In Admiralty.    Libel for personal injuries.

KNOWLES, J. In this case there was a trial in the district court of the first district of Washington Territory, and now stands on appeal in this court from the judgment against the defendant in the former court. The plaintiff was at the time he received the injury complained of what is commonly called a "longshore-man." He belonged to an association of longshore-men, who were employed through their president, Thomas Gafney, to assist in loading the Walla Walla. It does not appear with which officer of the steamer Gafney made the contract of employment. It is certain the plaintiff was in the employ of some one who had the authority to engage him in the work of placing the freight of the steamer on board. The evidence established that the injury which the plaintiff received while in the employ of the steamer was on account of the negligence of the second mate of the Walla Walla, one Fitz-Morris. Some of the evidence would indicate that the injury was occasioned through what might be called wanton negligence. His conduct, according to these witnesses, indicated a thorough disregard of the rights of the plaintiff. The conduct of the first officer of the ship, on being informed of the injury, was such as could not have been dictated by any kindly spirit, and indicated a disregard of common human sympathy. These considerations would impel a court, if possible under legal rules, to afford the plaintiff some redress for his injuries.

The first point urged on the part of the defendant is that the complaint was so defective as not to allow any proof against the defendant thereunder. The negligence is alleged to be that of the second mate, Fitz-Morris. There are no allegations of any duties of this officer in regard to the work of loading the ship that would make it liable for his act. He is alleged to have been second mate. I cannot find from any authority that his duties in respect to loading a ship are such as to make an implication of law that the ship would be responsible for his negligence. I think the negligence should have been alleged as the negligence of the ship or his employer, and not as his negligence. Then, if the evidence showed that he stood in the place of the master, doing a

master's work in loading this ship, the master—that is, the owner of the steamer—would have been liable. My judgment is that the complaint was not sufficient; that the best that could be said of it is that it might argumentatively appear that the ship or its owners were liable. It appears, however, that great liberty is allowed in regard to pleadings in admiralty. No objection seems to have been taken of this defect in the pleadings until on the trial, and then the defect does not appear to have been clearly pointed out on the first trial. Perhaps if the court should find that the evidence was sufficient to justify a judgment for defendant, as this is a trial of the cause, an amendment to the pleadings might be allowed, to make them correspond with the evidence. Upon this I now express no opinion, because in my opinion the facts in the case do not justify the legal conclusion reached in the district court. I do not think, under the present state of the law, the second mate can be considered as standing in the place of the master or owner. He did not hire the men employed in loading the steamer. It was not his duty to attend to the loading of the steamer. It appears from the evidence that it was the duty of the first officer or first mate to superintend the loading of the vessel. The second mate seems to have held a place subordinate to that of the first officer, and was engaged in rushing forward the work of loading the vessel. He was trying to urge the men engaged in loading the steamer to greater exertions in their work. I have not time to go through the authorities on this subject, but I feel confident that the weight of authority is against the view that, under such circumstances, the second mate could be classed as a vice-principal,—as one standing in the place of the master.

In the case of *Daub* v. *Railway Co.*, 18 Fed. Rep. 625, is to some extent an authority against my view of the law. But in that case the mate, who was not a second mate, hired the party injured. In that particular that case differs from this. But I think that case, considering all of the facts presented in the record, must be considered as standing by itself. It is against the weight of authority in the United States circuit court for the ninth judicial circuit of the United States. I find that in this case the second mate of the Walla Walla was a fellow-servant of the plaintiff, and that the defendant was not liable for his injuries. If the plaintiff had been injured through any negligence of the first mate, I should hold that the defendant was liable, but he was not.

I order judgment to be entered for the defendant, with costs.